Bichakds W. Hauuah, J.
The petition presents an interesting question of proof in a charge of burglary and for criminal trespass; to wit: Whether it was necessary for the owner to testify that the wrongdoer had no license or privilege to be upon the premises or whether there is sufficient in this particular case to prove a prima facie case without the owner’s testimony.
The facts are simply: The arresting officer, who is also the petitioner, testified that on December 12, 1971 at 8:00 p.m. while on radio motor patrol, he received a message of a burglary in progress at premises 593 Court Street, Brooklyn, 1ST. Y., that he *185 and his partner drove to the premises, which was an automotive parts store, that the front entrance of the building and the windows of the building were covered by steel screens and that the door at a side entrance around the corner was open and showed jimmy marks; that a young man standing near the door was taken into custody; that the officer called for assistance and another radio car came; that at the same time the owner of the above arrived, having been alerted by the burglar alarm signal which rang at the police station and in the owner’s home; that he turned over the young man who was standing outside the door to the other officer; that he and the owner entered the store through the open door and found the respondent and another youth on the second landing; and that the only light burning in the store at the time was a night light. He also said that just inside the door he saw a small wagon with mechanic’s to.ols on it and a hypo needle on the second landing. The respondent was one of the youths inside the store and was arrested and charged with burglary and criminal trespass. This testimony was the petitioner’s case.
Respondent’s motion to dismiss upon the ground that no prima facie case had been proven, was denied. Respondent rested without calling any witnesses and renewed the motion to dismiss upon the ground that the respondent’s guilt had not been proven beyond a reasonable doubt. The court reserved decision upon this motion.
Section 140.20 of the Penal Law defines burglary as “when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein. ’ ’
The court finds that the proof herein is insufficient to show that respondent had any intent to commit a crime and accordingly the motion to dismiss this charge must be granted.
However, section 140.10 of the Penal Law stated that “ a person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a building ’ ’.
Subdivision 5 of section 140.00 of the Penal Law defines ‘1 Enter or remain unlawfully ” as “ a person 1 enters or remains unlawfully ’ in or upon premises when he is not licensed or privileged to do so.”
The lack of a license or privilege can be proven both by testimonial or circumstantial evidence. The owner could testify that he gave no license or privilege to the respondent or the owner or anyone else could describe the secured condition of the building and that it was closed for the transaction of business. The latter is what was done here. The respondent was apprehended in a building which had been closed for the night; steel shutters *186 were over the windows and doors; only a night light was burning; the burglary alarm was on and the alarm tripped by his entry. The securing of the building in this manner was the equivalent of the owner placing a sign on the building which prohibited the entry of anyone into the building or telling the respondent orally not to enter. No one can say that the owner gave the respondent a license or privilege to enter the building under these conditions and certainly not to enter it by jimmying a side door. The testimony of the officer-petitioner established that the building had been closed for business and the only inference to be drawn by the respondent’s presence in the building was that he had entered through the jimmied door with no license or privilege. This circumstantial evidence was sufficient to establish a prima facie case.
It seems ridiculous to require such proof from the owner under these facts, yet the argument is heard daily. If the charge was burglary and the stolen items had to be identified there is good reason for the owner’s testimony or where the building is open to the public; i.e., a store during business hours, a public building or an apartment house but certainly not under the facts of this case.
Recently in People v. Borrero and in People v. Lugo (26 N Y 2d 430) the court held that it was not necessary for the owners of automobiles to appear and testify where the defendants had been charged with the possession of burglary tools in attempting to gain entrance to the automobiles.
The evidence was that the arresting officers saw the defendants approach the automobiles and in the Borrero case, attempted to open the vent window with a screw driver and in the Lugo case attempted to open the window with a wire.
The court said (p. 436): “while the People have this burden and while it would be preferable practice in cases such as these for the prosecution to introduce direct proof of another’s ownership of the subject vehicle, failure to do so is not necessarily fatal to the People’s case. For instance, in the situations before us, the defendants’ lack of ownership may reasonably be inferred from the surrounding circumstances.”
The court further pointed out (p. 436) that the facts “ according to common human experience would lead a reasonable man ’ ’ to conclude that defendant was breaking into another person’s automobile and established a prima facie case. The same reasoning is applicable here. It is ludicrous to say that the facts adduced here were as consistent with innocence as guilt.
Interestingly enough counsel for the respondents in most cases refuse to stipulate that if the owners were called as a witness *187 he would testify that he gave no license or privilege. This refusal necessitates the owner coming to court often and if more than one respondent is involved, he may have to come many times because of the absence of a respondent or his parent or attorney or he may have to appear in the Criminal Court as well as this court. The net result is that an owner is so harassed by court appearances that he gives up prosecuting the case. The refusal of counsel to stipulate the owner’s testimony in 1 ‘ open and shut ’ ’ cases can only be to harass the owner with court appearances with a hope that a. dismissal may be obtained through the lack of his testimony. A refusal to stipulate in a case where the respondent is caught in a closed building or on the roof of a building attempting to gain entrance to a store through a skylight or window cannot be made in good faith. If the owner’s testimony is required in such “ open and shut ’ ’ cases, certainly there should be legislative action to create a presumption that a person apprehended in or on a secured building is presumed to be there without any license or privilege. Such a presumption would not only speed up the trial of cases like this but also result in more admissions since lawyers could not longer hope for a dismissal because of the presumption. The Penal Law now provides for presumptions in the cases of weapons in an automobile (§ 265.15, subd. 3) and the presence of narcotics in an automobile or apartment (§ 220.25, subds. 1, 2). The sections should be amended to create a similar presumption in cases of this type.
A finding is made that the evidence shows that the respondent committed the crime of criminal trespass in the second degree.
A probation investigation is ordered. The parole of respondent is continued.
Notify respondent, parent and attorney.
Adjourn to August 9, 1972 for dispositional hearing.